PER CURIAM.
Defendant was charged by bill of information with armed robbery in violation of *476 La.R.S. 14:64. After trial by jury on December 16, 1980, he was found guilty of simple robbery, La.R.S. 14:65. On February 26, 1981, the trial court sentenced him to six (6) years’ imprisonment at hard labor. Defendant has now appealed his conviction and sentence to this Court urging two assignments of error.
We find no reversible error on the present record. However, we agree with counsel that the state should have disclosed the prior statements of its two principal witnesses contained in the police report, or submitted the report to the trial judge for an in camera inspection. The victim and a second eyewitness who identified defendant at trial both conceded that he had “looked different” to them at a pretrial hearing than he had on the night of the offense. In light of that testimony, defense counsel moved for production of pri- or statements by these witnesses to the police, or alternatively, for an in camera inspection of the' statements by the trial judge. Counsel focused her request “most particularly” on the initial descriptions of the perpetrator the witnesses claimed to have given the police.
The trial court refused to order disclosure of the statements to the defense and did not conduct its own inspection of the police report. However, under these circumstances, counsel had made a specific request for material information and demonstrated good cause for that request. See, State v. Smith, 430 So.2d 31 (La.1983). Moreover, because the officer who took the complaint of the robbery did not testify, his report provided the defense with its only access to the initial descriptions given at the time of the crime. There was no other way for defense counsel (or the court) to determine whether the prosecutor had failed to disclose exculpatory evidence.
Therefore, we affirm defendant’s conviction and sentence conditionally, but remand the case to the trial court for it to determine: (1) whether the police report contained descriptions of the robber given by the witnesses on the night of the offense that were inconsistent with their trial testimony; and (2) in the event that the report reveals inconsistencies, whether failure to disclose requires a new trial. Cf, State v. Davenport, 399 So.2d 201 (La. 1981). Otherwise, we reserve to defendant his right to appeal any adverse ruling by the trial court.